

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2002

# Lisowicz v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lisowicz v. Comm Social Security" (2002). *2002 Decisions.* Paper 614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-4113


GARY J. LISOWICZ,
                              Appellant
                    v.

JOANN B. BARNHART*,
Commissioner of Social Security

(*Pursuant to F.R.A.P. 43(c)(2))


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No.00-cv-00308)
District Judge:  Hon. D. Brooks Smith


Submitted Under Third Circuit LAR 34.1(a)
September 12, 2002

Before:  SLOVITER, RENDELL Circuit Judges, and McCLURE*, District Judge

(Filed: September 26, 2002)


OPINION OF THE COURT

_____

*    Hon. James F. McClure, Jr., United States District Court for the Middle District of
     Pennsylvania, sitting by designation. SLOVITER, Circuit Judge.


     Appellant Gary Lisowicz appeals from the decision of the District Court affirming
the final decision of the Commissioner of Social Security denying Lisowicz's claim for
supplemental security income under the Social Security Act.  We will affirm.
                              I.
                    Facts and Procedural History
     The parties are familiar with the facts and procedural history, and we will refer
only to those necessary for our decision.
     Although Lisowicz had applied in 1994 for supplemental security income (SSI)
claiming that he was disabled and unable to work because of a bad back, fatigue, and
chest pains, that application was denied and Lisowicz did not appeal.  Lisowicz filed a
second application for SSI in 1996, again alleging a disability due to a back condition,
chest pain, and fatigue, all of which he claimed prohibited him from working.  He
provided no medical information to support his claim of physical disability and does not
press that claim on appeal.  Instead, he limits his claim of disability to his contention that
he has a mental impairment.  Lisowicz's application for SSI was denied, and Lisowicz
requested and was granted a de novo hearing before an Administrative Law Judge (ALJ).
     At the hearing before the ALJ, Lisowicz testified that he cleaned his own house,
paid his own bills, and took care of his own personal needs, but claimed that he could not
work because he "came up in a bad environment," was often tired, and his back hurt.

App. at 38.  He claimed that his back pain, which he called a "spasm," would last two or three days and would occur once every two or three months.  He added that he had not seen a doctor within the last five or six years about the pain.  Throughout his testimony, Lisowicz variously blamed his medical problems, incarceration, inability to work, and inability to secure adequate medical care on "Uncle Sam" and "my government."

A vocational expert, Timothy Mahler, also testified at the hearing as to Lisowicz's ability to work.  The ALJ asked Mahler to consider a hypothetical individual with Lisowicz's age, education and past job history limited by the following: a maximum work capability of lifting fifty pounds while standing for most of the work day, a limited ability to read or write, and an inability to interact appropriately with the general public or co-workers.  Based on these characteristics, Mahler testified that jobs such as commercial cleaner, machine operator, and machine or equipment cleaners would be suitable for this hypothetical individual. Mahler further suggested that lighter work in areas like hand packing and sorting would also be appropriate.

The ALJ reviewed Lisowicz's entire medical record.  This included all of the medical and psychological reports in the file, including evidence of the consultative medical examiners compiled during Lisowicz's first SSI application in 1994.  Internal medicine specialist Dr. Jagdish Patel, the independent medical consultant who evaluated Lisowicz at the request of the Commissioner, found no basis for Lisowicz's complaints of intermittent lower backache, fatigue and chest pain, and doubted that his heart was the cause of his chest pain.  After Lisowicz's application was denied based on Dr. Patel's evaluation, Lisowicz requested reconsideration and two other medical examiners were requested to review Lisowicz's medical records.  The agency physician who reviewed Lisowicz's record evidence filled out a capacity assessment form that stated that Lisowicz could occasionally lift fifty pounds, frequently lift twenty-five pounds, and could sit or stand/walk for about six hours of an eight-hour workday.  The second examiner, psychologist Dr. Perch, completed a psychiatric review form which stated that Lisowicz showed personality disorders but that his impairment was not severe.  Dr. Perch also indicated in the report that Lisowicz exhibited a slight degree of limitation in daily living activities, social functioning, and concentration, but he added that Lisowicz's symptoms would never worsen in a work setting.

Dr. Weinfeld, an internal medicine physician, one of the earlier examiners, had reported that Lisowicz did not present "active medical problems . . . based on his physical examination" but clearly exhibited psychiatric problems.  App. at 88.  Dr. Kalson, a psychologist, evaluated Lisowicz's complaint of "chronic fatigue and despair because of economic stress" through a variety of tests and ultimately concluded:

> Garry Lisowicz is illiterate and has a mixed personality disorder, with immature, sadistic, passive aggressive features, along with oppositional and psychophysiological features.  He also suffers from an anti-social personality disorder.
>
> Although he is able to understand instructions and carry out routine physical tasks, he will not be compliant with demands and requirements of gainful employment.
>
> . . . .
>
> The prognosis is poor.

App. at 93.  Dr. Barmak, another psychologist, tested Lisowicz's cognitive abilities and found that Lisowicz possessed an IQ of 81, falling within the low average range of intelligence, and that "[Lisowicz] would be able to manage his benefits if awarded." App. at 100.

The ALJ held the hearing open to receive additional medical evidence from Dr. Harry Levin, whom Lisowicz identified as his treating psychiatrist.  Although Lisowicz did not include Dr. Levin, a psychiatrist, on his disability report, there is subsequent documentation that Dr. Levin diagnosed Lisowicz as having "mixed personality disorder with schizophrenic paranoia traits" and that he noted that Lisowicz would be temporarily incapacitated until December 31, 1996.  Tr. at 170.  It is unclear whether Dr. Levin, who is treating Lisowicz's retarded sister, ever treated Lisowicz.  Attempts to secure additional

information from Dr. Levin or from Western Psychiatric Institute and Clinic were unsuccessful.

The ALJ concluded Lisowicz was not entitled to SSI, finding that: (1) Lisowicz had never been engaged in substantial gainful activity, (2) his allegations of medical ailments were not confirmed by his own inconsistent testimony, the complete absence of evaluation and treatment, and opinions provided by the consultative source, and the medical evidence, (3) Lisowicz does not have a "severe" impairment, and therefore, (4) he is not suffering from a disability as defined under the Act.

The Appeals Council denied Lisowicz's request for a review, and Lisowicz filed suit in the United States District Court for the Western District of Pennsylvania seeking judicial review of the final decision of the Commissioner under 42 U.S.C. 405(g). The District Court granted the Commissioner's motion for summary judgment, and Lisowicz appeals.

II.

Discussion

This court's "review of the Commissioner's final decision is limited to determining whether the decision was supported by substantial evidence." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 564-65 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

On appeal, Lisowicz primarily relies on Dr. Kalson's 1994 diagnosis of "mixed personality disorder" as well as his own testimony during the ALJ hearing to argue that (1) the ALJ failed to consider evidence of his psychological disorder and (2) the ALJ's denial of his request for benefits was not supported by substantial evidence. The Commissioner argues that because Dr. Kalson's report was obtained in conjunction with Lisowicz's first unsuccessful SSI application, which was not appealed, it has no relevant bearing on the current claim. In any event, it does not support Lisowicz's argument that we should reverse.

Under the Social Security Act ("SSA"), 42 U.S.C. 423(d)(1)(A) (2002), a disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." See Stunkard v. Sec. of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988); see also 20 C.F.R. 404.1505(a) (providing the basic definition of disability under the SSA). A claimant is unable to engage in substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423(d) (2) (A).

Under the regulations, there is a five-step evaluation process that the Commissioner must perform. See 20 C.F.R. 416.920 (2002). If the claimant fails to meet these requirements at any step, the Commissioner can conclude that the claimant is not disabled under the Act. 20 C.F.R. 416.920(a). After the first step, which involves determining whether the claimant is working, 416.920(b), the second step provides that the Commissioner consider whether the claimant has a severe impairment "which significantly limits [the claimant's] physical or mental ability to do basic work activities," 416.920(c). The regulations define a basic work activity as "the abilit[y] and aptitude[] necessary to do most jobs" and further provide examples of basic work activities including, inter alia, physical functions (such as walking, standing, and sitting) as well as psychological functions (such as understanding instructions and responding appropriately to supervision). 20 C.F.R. 416.921(b). The Supreme Court has upheld both the "severe impairment" and "basic work activity" requirements in the Commissioner's analysis of applications for SSI benefits. See Bowen v. Yuckert, 482 U.S. 137, 145, 153 (1987) (holding that both standards are consistent with the language and legislative history of the Act).

It is the claimant's burden to show that he is disabled under the Act. See 20 C.F.R. 416.912(a). Evidence of an impairment must be supported by "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. 416.908. A claimant's own statement of symptoms, without additional medical evidence, will not

establish a physical or mental impairment deserving of SSI.  Id; Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).  If, however, the Commissioner finds the evidence provided by the claimant to be "inadequate" in determining whether the claimant is disabled, the Commissioner can take a variety of steps to augment the medical evidence, 20 C.F.R.  416.912(e), including recontacting treating physicians,  416.912(e)(1), and ordering federally-funded consultative exams,  416.912(f).

When Lisowicz failed to provide adequate medical evidence in support of both his 1994 and 1996 SSI application, the ALJ ordered consultative examinations, and none of the reports concluded that Lisowicz was suffering from a severe impairment.  Contrary to Lisowicz's argument, the ALJ did not fail to consider Lisowicz's psychological ailments in concluding that Lisowicz was not disabled under the Social Security Act.  The ALJ clearly considered Dr. Kalson's 1994 "mixed personality disorder" diagnosis in its decision, but found that Dr. Kalson's diagnosis was inconsistent with Lisowicz's own testimony of his ability to perform various life activities and Dr. Patel's conclusion that Lisowicz's personality disorder was not limiting his ability to work.  We agree with the Commissioner that Dr. Kalson's one-time report did not support a finding that Lisowicz was experiencing a current severe mental impairment.

Furthermore, the ALJ had substantial evidence to find that Lisowicz had failed to prove that he met the "severe impairment" requirement of the SSI analysis.  Various medical examinations in the record reported that Lisowicz was not physically unable to perform basic work activities.  As to Lisowicz's psychological condition, although Dr. Kalson diagnosed Lisowicz with mixed personality disorder in 1994, Dr. Perch's 1996 psychological review concluded that Lisowicz's  personality disorders were not severe and that Lisowicz was only slightly limited in his ability to perform various daily living activities.  This provided a sufficient evidentiary basis to support the ALJ's determination.  In short, Lisowicz failed to provide medical evidence to support his claim that he suffers from a severe mental impairment.

III.

Conclusion

We will affirm the District Court's order granting summary judgment for the Commissioner.

_____

TO THE CLERK:

Please file the foregoing opinion.


__/s/Dolores K. Sloviter
Circuit Judg